**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4348

CARLTON RAY BOYD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-95-68)

Submitted: February 26, 1998

Decided: March 18, 1998

Before WILKINS, NIEMEYER, and HAMILTON,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Hale, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Yvonne Victoria Watford-McKinney,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carlton Ray Boyd pled guilty to an information charging that he possessed crack and cocaine with intent to distribute, <u>see</u> 21 U.S.C. § 841(a)(1) (1994). Boyd received a sentence of 71 months imprisonment. He appeals his conviction and sentence. Boyd's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising one issue but stating that in his view there are no meritorious issues for appeal. Boyd has been informed of his right to file a pro se supplemental brief but has not done so. The issue raised by counsel is without merit.* However, after a review of the record, we dismiss the appeal.

In his plea agreement, Boyd waived the right to appeal his conviction or a sentence of less than 78 months. The guilty plea was accepted by the district court at a hearing conducted according to the requirements of Fed. R. Crim. P. 11. Boyd affirmed his intention to waive his appeal rights. A defendant may waive his right to appeal if the waiver is knowing and intelligent. <u>See United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995). A waiver is valid and enforceable if the district court questions the defendant about it during the Rule 11 colloquy. <u>See United States v. Wessells</u>, 936 F.3d 165, 167-68 (4th Cir. 1991). In this case, Boyd's waiver is valid. Because his sentence was less than 78 months, we dismiss the appeal.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

_____

*Counsel suggests that the penalties for crack offenses serve no legitimate government purpose. We have consistently rejected constitutional challenges to the penalties for crack offenses. <u>See United States v. Burgos</u>, 94 F.3d 849, 876-77 (4th Cir. 1996), <u>cert. denied</u>, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

DISMISSED

3